ANDY HAER, Appellant, v. JACOB VAN VICKLE, Respondent.

Kansas City Court of Appeals, May 6, 1907.

APPELLATE PRACTICE: Abstract: Bill of Exceptions: Continuance. Where the cause is set in the appellate court before the filing of the bill of exceptions in the trial court the appellant may seek a continuance of the appeal until he can get his bill filed below; but where he submits his case on the record as it exists and his abstract is insufficient the case will have to be affirmed.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*H. B. Williams* and *J. W. Stokes* for appellant.

*Lee Callow*, for respondent, filed no brief.

BROADDUS, P. J.—The respondent has filed motion to dismiss the appeal herein for various causes.

The transcript on file shows that a verdict was

rendered for defendant, that judgment was duly entered thereon, and that plaintiff filed motions for a new trial and in arrest of judgment in due time. It also shows that these motions were overruled and that plaintiff excepted to the action of the court in overruling them; that plaintiff filed an affidavit for appeal; that appeal was granted, leave given to file appeal bond and leave granted to file bill of exceptions on or before the last day of the next term of the court; and that at the next term of the court the time for filing same was extended until the last day of the succeeding term of the court. This transcript is certified by the clerk of the court.

The plaintiff files no abstract of the record whatever, but instead copies into what he calls his "Statement, Brief, Points and Authorities" the petition, affidavit for attachment and answer, and what purports to be the evidence of the plaintiff Haer, and closes with the statement, "Whereupon the court reads the peremptory instruction to the jury."

There is nothing in the statement to show that the bill of exceptions was ever filed, or that any exceptions were taken to the action of the court in the admission or rejection of evidence, or any exceptions taken to the action of the court in giving the peremptory instruction to the jury to find for the defendant. There is nothing to show what the motions for a new trial and in arrest of judgment contained. These are only a few of the omissions pointed out by the respondent as a reason why the appeal should be dismissed.

The plaintiff and appellant makes affidavit that his shortcoming is the result of a mistaken confidence reposed in the clerk. He states that in due time he instructed and directed the clerk to certify to this court the record of the proceedings in the cause; that he "did also order and instruct" the clerk "to certify the remainder of the records" to the appellate court "as soon as the bill of exceptions should be filed;" and that "he

had no knowledge that the clerk of the said Holt Circuit Court had not certified the full and complete record of the proceedings" in the cause until March 7, 1907.

It appears that the clerk complied with plaintiff's instruction when he made out and certified a transcript of the record in the cause, including matters which did not belong to the record proper, but he proceeded no farther. It is true he might have copied the bill of exceptions, had there been one; but, had he done so, it would not have availed appellant as he has filed no abstract of the case. If the appellant had desired to avail himself of the bill of exceptions he should have asked that the appeal be continued until his bill had been filed in the circuit court, and as he has not done so, but submitted his case on the record before us, the case will have to be affirmed because of the omission of an abstract as required by rule fifteen of this court.

Affirmed. All concur.